[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10627

_____

Agency No. A206-717-281

ISAMAR DEL-CARMEN SANCHEZ-CHICAS,
a.k.a. Isamarde Sanchez-Chicas,
J.G.A.-S.,

                                                                                       Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                                       Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 24, 2019)

Before ED CARNES, Chief Judge, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Isamar Sanchez-Chicas, a native and citizen of El Salvador, petitions this Court to review the Board of Immigration Appeals' final order affirming the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

I.

In May 2014 Sanchez-Chicas left El Salvador with her daughter and entered the United States without having been admitted or paroled.  Shortly after that the government initiated removal proceedings against her.  Sanchez-Chicas conceded her removability, but she sought asylum, withholding of removal, and CAT relief. In her application Sanchez-Chicas stated that she fled El Salvador, where she had worked as a market vendor, because gang members had threatened to harm her and her daughter if she did not pay them extortion money.[1]

To establish asylum eligibility an "alien must, with credible evidence, establish (1) past persecution on account of a protected ground, or (2) a well-founded fear that a protected ground will cause future persecution."  Sama v. U.S.

---

[1] Sanchez-Chicas included her daughter as a rider on her asylum application.  See 8 U.S.C. § 1158(b)(3)(A).  On appeal, Sanchez-Chicas does not challenge the Board's determination that, because she did not file her own application, the daughter was not entitled to assert a derivative claim for withholding of removal or CAT relief.

Att'y Gen., 887 F.3d 1225, 1231 (11th Cir. 2018) (quotation marks, brackets, and ellipses omitted).  Protected grounds include "nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1158(b)(1)(A); Id. § 1101(a)(42)(A).

Sanchez-Chicas contended before the immigration judge (IJ) that the gang persecuted her on account of her membership in her family and for being a single mother, which she argued qualify as particular social groups; and on account of her refusal to pay the gang extortion money and her reporting that demand to the police, which she argued qualify as political opinions.  The Board affirmed the IJ's factual finding that the gang's "motive for threatening [Sanchez-Chicas] was her work as a merchant and the gang's desire to extort money."  As a result, the Board agreed with the IJ that Sanchez-Chicas did not satisfy her "burden of proving that [she] suffered past persecution or ha[d] a well-founded fear of future persecution on account of a protected ground."

## II.

We review factual findings under the substantial evidence test, which is "highly deferential."  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).  Under that test we "must affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007)

(quotation marks and ellipsis omitted).  That means we will reverse "a finding of fact . . . 'only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal.'"  Id. (quoting Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)).

Sanchez-Chicas has not shown that the record compels a reversal of the finding that the gang members' actions were motivated by a criminal desire for profit and that no protected ground was a central reason for any of the threats or harm that she claims to have feared or sustained.[2]  As the Board put it, "the gang members threatened Sanchez-Chicas because they wanted to extort money from her."  That is borne out by a substantial amount of evidence in the record.

We begin with the two State Department reports in the record, which the IJ and the Board were "entitled to rely heavily on" because the Department "is the most appropriate and perhaps the best resource . . . to obtain information on political situations in foreign nations."  Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004) (quotation marks omitted); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).  The Department's 2016 "Human Rights Report" states that "workers, such as bus drivers, bill collectors, messengers, and teachers in high-risk areas, reported being subject to extortion and

---

[2] For that reason we need not, and do not, address whether Sanchez-Chicas was a member of a "particular social group" or expressed a "political opinion" within the meaning of the Immigration and Nationality Act.  See 8 U.S.C. § 1158(b)(1)(A); Id. § 1101(a)(42)(A).

4

death threats." The Department's "El Salvador 2014 Crime and Safety Report" explains that gang extortion can "occur in the most affluent neighborhoods" and that "even closely guarded officials, independent business persons, and diplomats are not immune from these attacks."

Other evidence in the record also shows that gang extortion is a grasping hand that reaches throughout El Salvador, and that Sanchez-Chicas was, like Salvadorans of many other backgrounds, unable to escape its grip. A United Nations report states that members of the gang that threatened Sanchez-Chicas "reportedly live primarily from extortion," that "[e]xtortion is reported to be pervasive in El Salvador," and that teachers, educators, and even "public officials, including both local and national government employees," are "subject[ ] to extortion demands." A report prepared by Canada's Immigration and Refugee Board states that "[s]ources indicate that gangs in El Salvador are actively involved in extortion." And even Sanchez-Chicas' expert on El Salvador testified at the removal hearing that "the main thrust of the gang's income is extortion and they are very effective at collecting that extortion, so members of public transport regularly pay [gang] members[,] market vendors regularly pay[,] and then sometimes children have to pay in order to attend school. The problem with people who do not pay is they will be threatened, often with death." So it was with Sanchez-Chicas.

In short, the Board agreed with the IJ that Sanchez-Chicas failed to show that her membership in a particular social group or her expression of a political opinion, as opposed to the gang's desire for financial gain, was a central reason for its threats against her.  This conclusion is supported by substantial evidence.  As a result, Sanchez-Chicas' asylum claim fails.[3]

**PETITION DENIED.**

---

[3] Sanchez-Chicas' claims for withholding of removal and CAT relief also fail.  First, an asylum applicant who, like Sanchez-Chicas, "fails to meet the burden of proof for asylum necessarily fails to establish entitlement to withholding of removal."  Mu Ying Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1157 n.19 (11th Cir. 2014).  Second, the record does not compel a reversal of the IJ and the Board's finding that Sanchez-Chicas would not be tortured "at the instigation of or with the consent or acquiescence of" the Salvadoran government if she is removed to El Salvador.  8 C.F.R. § 208.18(a)(1).  As the Board explained, although "nothing resulted from [Sanchez-Chicas'] complaint to the police regarding the extortion she experienced," she did not present any evidence, other than "her unsupported belief," that the Salvadoran government "acquiesced to the extortion and threats or that [it] would acquiesce to her feared torture by the [gang]."  See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004) ("That the police did not catch the culprits does not mean that they acquiesced in the harm.").  Finally, any other arguments asserted on appeal by Sanchez-Chicas are rejected without need for further discussion.